Mr. Justice Moore
delivered the opinion of the Court.
We will refer to the parties in this action by name.
One Willie Hicks died and his brother Clarence Hicks filed a petition for letters of administration. In said petition Norma Hicks was not mentioned as an heir-at-law of said deceased. She filed a petition for letters of administration and asserted therein that she was the surviving wife of said deceased. In the probate court a jury trial was had on the question as to whether Norma Hicks was the lawful wife of said deceased at the time of his death. The jury found that she was the lawful surviving wife and the county court issued letters of administration to her.
Brother Clarence appealed to the district court. October 4, 1962, the case was set for trial in the district court on February 28, 1963. February 13, 1963, the court granted a request by counsel for Clarence that a jury trial be had. On the date set for trial the attorney for Clarence made a motion for continuance of the trial asserting that “vital witnesses are outside of the jurisdiction and unavailable on February 28.” No showing was made concerning the nature of the evidence which might have been offered by those “vital witnesses.” The trial court denied the motion, and thereupon the attorney for Clarence objected to any further proceedings and declined to participate therein. Upon the election of Clarence to withdraw from participation in the trial, *465 the jury was excused and evidence offered by Norma was submitted to the court. It appears, however, that Clarence and his attorney remained in the courtroom during the taking of evidence offered by Norma, and were present when the court entered judgment in her favor. At that time counsel for Clarence made the following statement:
“MR. ROSS: Let the record reflect that the appellant excepts to each and every statement of the Court in regards to this trial and excepts to the judgment of the Court.”
The only question we can consider under the record before us is whether the district court abused its discretion in denying the motion for a continuance of the trial. There is nothing in the record to indicate any abuse of discretion and the judgment accordingly is affirmed.